[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-14702
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 16, 2010
JOHN LEY
CLERK

D. C. Docket No. 08-60344-CR-KAM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MATTHEW NOLAND,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(March 16, 2010)

Before CARNES, BARKETT  and MARCUS, Circuit Judges.

PER CURIAM:

Matthew Noland appeals his conviction following a guilty plea pursuant to a

conditional written plea agreement for possession with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). On appeal, he argues that law enforcement officials lacked probable cause to arrest him, and therefore, evidence of the cocaine discovered on his person when he was arrested should be suppressed.

We affirm, finding no reversible error in the district court's finding that law enforcement officials had probable cause to arrest Noland. The facts indicated that Noland had been present at a meeting where agents discussed purchasing marijuana with Bryan Roth and Duane Levindowski. A previously reliable informant then informed the agents that "Matt," was a pool cleaning partner with Roth and a possible supplier of cocaine to Roth. Noland later drove Roth to a meeting where Roth sold the agents 100 ecstasy pills. When Roth's apartment was placed under surveillance, Noland was observed there prior to Roth's call to the agents arranging to sell them more drugs. At one point, Noland was observed getting out of his car, concealing a small white object under his shirt and walking into Roth's apartment after Roth had arranged to get more drugs for the agents. A short time later Roth exited carrying a red and white package and entered his car. After Roth was arrested at the meeting, Noland "agitated[ly]" called Roth's cell phone repeatedly within a short period of time. Under the totality of the

2

circumstances, the cumulative weight of all of these observations is sufficient to support probable cause to arrest Noland on the belief that he had committed a crime. Accordingly, his arrest was lawful and the cocaine found on his person was admissible into evidence incident to his lawful arrest.

**AFFIRMED.**